## Robert Moore v. The City of Chicago.

1. PENAL ORDINANCES—*To be Strictly Construed.*—Section 1312 of the ordinances of the city of Chicago does not make it an offense to be an inmate or frequenter of a "policy shop."

**Debt**, on a penal ordinance. Appeal from the Criminal Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term 1897. Reversed and remanded. Opinion filed March 29, 1897.

EDWARD H. MORRIS, attorney for appellant.

No appearance for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
The whole record here as to the facts is:

"Stipulation as to facts is as follows: That the defendant was, on the 1st, day of October, 1896, in the city of Chicago, county of Cook and State of Illinois, arrested by a police officer of said city of Chicago, while he, the defendant, was actually in a certain room in a building on Clark

street, in Chicago, which room was then being used as a policy shop, or policy office; that the policy shop in question was, at the time of the arrest of the defendant, a room where persons went for the purpose of handing, or giving to the persons in charge of the p'ace three numbers written on a small bit of plain paper, ordinary writing paper, together with ten or fifteen cents, or whatever sum the person desired; that the person in charge takes the money and paper containing the numbers, makes a minute or memoranda of the numbers and amount, writes his name or initials (to show that he has received the money) on the numbers or paper containing the numbers originally given him, and gives it back to the person who gave him the money, that the person paying the money and receiving the paper with his numbers thereon then goes out of the room, and at any time after 3 o'clock in the afternoon, he can, and is at liberty to return and ascertain whether the numbers chosen and written on his paper 'come out' as it is termed, on the drawings; that is, if the three numbers have been and are among fifteen other numbers which have been drawn in the city of Louisville, State of Kentucky, from 100 numbers, placed in a box and drawn out by a boy blindfolded; if the three numbers are among the fifteen drawn, then the person wins $5.50 for the ten cents paid. If all three of the numbers are not among the fifteen drawn, then the ten or fifteen cents is lost; that no drawing takes place in the room or place where the numbers are given to the person in charge: that after receiving the numbers and money as hereinbefore stated, the person in charge of the room goes at about 3 o'clock out of his place to some place in Chicago, where he obtains a copy of the telegram from Louisville, State of Kentucky, showing the fifteen numbers which have been drawn there as before stated; that then such person returns to his room or place and lays the copy of the telegram on the table or other place, so that all may see what numbers have been drawn. That this is known as policy, and the room kept by such persons as a policy shop or lottery. That this is not E. O. A., B. C., roley-poley, keno or faro bank, roulette, shuffle-board, bagatelle, playing cards or pigeon-hole."

Ordinance, section 1312, introduced in evidence as follows:

" Any person who is a frequenter, visitor, inmate,· doorkeeper, solicitor, runner, agent, abettor or pimp, of or for any house, store, grocery, hall, room or any other place where are kept any E. O. tables, keno table, faro table, shuffle-board,. bagatelle, playing cards, pigeon-hole or any other instrument, device or thing used for gambling, whereon or with which money, liquor or other articles shall be played for, shall, upon conviction, be fined in a sum not less than $5 and not exceeding $100, or imprisonment in the house of correction for a term not more than ninety days, or both, in the discretion of the court before whom such conviction shall be had."

· In our unaided judgment (we have no appellee's brief), chary as we have often shown ourselves to be in confessing knowledge of gambling devices, the fact that the appellant was arrested in a room where, by the method described, adventurers generally lost the little that they risked, did not afford any reasonable degree of proof that he was one of the class or classes against whom the quoted section of the ordinance was directed; nor that the room mentioned in the stipulation as to facts was such a room as the ordinance mentioned.

The judgment of the Criminal Court, convicting the appellant of violating the ordinance, is reversed, and the cause remanded.